**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003149
18-NOV-2014
08:24 AM**

NO. CAAP-13-0003149

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

CAPITAL ONE BANK (USA), N.A., Plaintiff-Appellee,
HARRY D. HUFFMAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1RC12-1-1379)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant pro se, Harry D. Huffman (**Huffman**) appeals from the "Order Granting Plaintiff's Motion for Summary Judgment, Filed on June 19, 2013" entered July 31, 2013 in the District Court of the First Circuit, Ewa Division[1] (**district court**).

On appeal, Huffman contends the district court erred in granting a motion for summary judgment in favor of Plaintiff-Appellee Capital One Bank (USA), N.A. (**Capital One**) because (1) the evidence that Capital One submitted in support of its motion for summary judgment did not satisfy Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 56(e), and (2) genuine issues of fact remained for trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Huffman's appeal is without merit.

---

[1] The Honorable Gerald H. Kibe presided.

**A.    Capital One's evidence satisfies HRCP Rule 56(e).**

    1.    The Agreement and Billing Statements were admissible as "records of regularly conducted activity."

Huffman contends the district court erred in relying upon the declaration submitted by Barbara S. Edwards (**Edwards**), a Litigation Support Representative for Capital One, because the documents she referred to constituted inadmissible hearsay. Edwards attached two exhibits to her declaration: (1) A "true and correct copy" of the "credit account agreement" (**Agreement**) to which Huffman was subject and (2) "true and correct copies of [Huffman's] most recent billing statement(s) (**Billing Statements**) showing the amounts owed. . . ." To be admissible under the hearsay exception for "records of regularly conducted activity," the Agreement and Billing Statements must satisfy foundational requirements set forth in Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6)[2] (Supp. 2013) or HRE Rule 902(11)[3] (Supp. 2013). Since

---

[2]    HRE Rule 803(b)(6) provides in relevant part:

    **Rule 803.  Hearsay exception; availability of declarant immaterial.**

    . . . .

    **(b) Other exceptions.**

        . . . .

        (6) Records of regularly conducted activity.  A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

[3]    HRE Rule 902(11) provides in relevant part:

    **Rule 902.  Self-authentication.**
    . . . .

    (11)  Certified records of regularly conducted

(continued...)

the foundational requirements for each rule are essentially the same, we refer to them interchangeably.

Huffman contends Edwards is not an "other qualified person" under HRE Rule 902(11) and, therefore, could not certify the documents. HRE Rule 902(11) was created in 2002 to provide a means for parties to establish a foundation to admit "records of regularly conducted activity" without requiring testimony from "the custodian [of the records] or other qualified witness." HRE Rule 803 supp. cmt. (brackets in original); HRE Rule 902 supp. cmt. HRE Rule 803(b)(6) and Rule 902(11) state that a qualified individual can establish the necessary foundation to admit a record of regularly conducted activity into evidence. HRE Rule 803(b)(6) (foundation satisfied by the testimony of an "other qualified witness") and HRE Rule 902(11) (foundation satisfied by the written declaration of an "other qualified person").

Under HRE Rule 803(b)(6), a "qualified witness" can authenticate a document as a record of regularly conducted activity "even if he or she is not an employee of the business that created the document, or has no direct, personal knowledge of how the document was created." State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010), as amended (Apr. 5, 2010). To be an "other qualified witness," "[t]he witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into

---

[3] (...continued)

activity. The original or a duplicate of a domestic or foreign record of regularly conducted activity that would be admissible under rule 803(b)(6), if accompanied by a written declaration of its custodian or other qualified person, certifying that the record was:

(A)    Made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B)    Kept in the course of the regularly conducted activity; and

(C)    Made by the regularly conducted activity as a regular practice.

3

existence in the ordinary course of business." Id. (citation omitted). The Hawaiʻi Supreme Court instructs that the phrase "other qualified witness" under HRE Rule 803(b)(6) should be broadly interpreted, but is silent as to whether the courts should also broadly interpret "other qualified person" under HRE Rule 902(11). See Fitzwater, 122 Hawaiʻi at 366, 227 P.3d at 532.

We conclude the district court did not err in determining that Edwards is an "other qualified witness" or "other qualified person." Edwards was a Litigation Support Representative for Capital One and in that capacity, she was "responsible for verifying the amounts due and owing [Capital One] on its credit accounts[.]" In addition, Edwards declared that she had access to Capital One's documents and records that related to Huffman's credit card account. Although Edwards did not personally assemble the documents, her affidavit shows that she was familiar with Capital One's record-keeping system so as to be an "other qualified witness" or "other qualified person" who could certify the documents under HRE Rule 803(b)(6) or HRE Rule 902(11). See Fitzwater, 122 Hawaiʻi at 366, 227 P.3d at 532.

Huffman also argues that the Billing Statements are inadmissible because they are photocopies of the original documents. However, copies of documents are generally admissible to the same extent as an original. See HRE Rule 1003 (1993). In addition, under HRE Rule 902(11), photocopies of regularly conducted activity records are admissible as long as they comply with HRE Rule 803(b)(6). The photocopies satisfy HRE Rule 803(b)(6) because Edwards' affidavit indicates that the documents referred to in her affidavit were "made in the ordinary course of [Capital One's] regularly conducted business activity and contain[ed] entries made at or near the time of the acts or events therein in connection with [Huffman's] debt owed to [Capital One.]" Thus, the Agreement and the Billing Statements satisfied HRE Rules 803(b)(6) and 902(11) and were admissible as "records of regularly conducted activity."

4

2. Edwards had personal knowledge and competence to Testify to the matters in her affidavit.

Huffman contends the district court erred when it granted Capital One's motion for summary judgment because Edwards "testif[ied] to numerous matters of which she could not possibly have had personal knowledge" and because she was "incompetent." Huffman contends Edwards did not have personal knowledge pursuant to HRE Rule 602 (1993) because she based her beliefs on "a reading of [the] records."

Under HRE Rule 602, personal knowledge means that "the witness perceived the event about which he testifies and that he has a present recollection of that perception." Personal knowledge requirements "apply to a hearsay statement admitted under any of the hearsay exceptions . . . in that admissibility of a hearsay statement is predicated on the foundation requirement of the witness' personal knowledge of the making of the statement itself." HRE Rule 602 cmt. An affiant satisfies the "personal knowledge" requirements if the affiant has personal knowledge of how the hearsay statement was made and the hearsay statement falls within a hearsay exception, such as the "records of regularly conducted business activity" exception. See Duke v. Nationstar Mortg., LLC, 893 F.Supp. 2d 1238, 1244 (N.D. Ala. 2012) (personal knowledge for a summary judgment affidavit "can be based on a review of relevant business files and records" when such files and records are admissible under the rules of evidence); see also Colonial Pacific Leasing Corp. v. N & N Partners, LLC, 981 F.Supp. 2d 1345, 1355 (N.D. Ga. 2013). Furthermore, "the [HRCP] Rule 56(e) requirement of personal knowledge and competence to testify may be inferred from the affidavits themselves." Stallard v. Consolidated Maui, Inc., 103 Hawai'i 468, 475, 83 P.3d 731, 738 (2004).

As a Litigation Support Representative, Edwards was "responsible for verifying the amounts due and owing [Capital One] on its credit [card] accounts[.]" It can be reasonably inferred from her responsibilities that she had personal knowledge about the policies and procedures that pertain to Capital One's various credit card accounts. See id.

Additionally, Edwards had the requisite personal knowledge to testify to the information contained in the Agreement and Billing Statements themselves because those documents were admissible under the "records of regularly conducted activity" exception to the hearsay rule.[4] Edwards had the required personal knowledge and competency to testify to those matters included in her affidavit, therefore, her affidavit satisfies the requirements under HRCP Rule 56(e).

**B.** **There are no genuine issues of material fact for trial.**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013) (quoting First Ins. Co. of Hawaii v. A&B Properties, 126 Hawai'i 406, 413-14, 271 P.3d 1165, 1172-73 (2012) (brackets omitted, format altered)). In a motion for summary judgment, the moving party has the initial burden to "show the absence of any genuine issue as to all material facts[.]" Ralston, at 56, 292 P.3d at 1286 (quoting French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (format altered)). "Only when the moving party satisfies its initial burden of production, does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Ralston, at 56-57, 292 P.3d at 1286-87.

---

[4] Huffman also contends that Edwards' reliance on the Agreement illustrates "Edwards' lack of competence and credibility as a witness." Huffman states that "[a]t the bottom of the last page of Exhibit '1,' the [Agreement,] contains the copyright notice '© 2010 Capital One,' indicating that it was created in 2010, whereas the billing statements included in Exhibit '2' claim account activity as far back as November, 2006." However, Edwards' affidavit stated that "[Capital One] allowed [Huffman] to use a credit [card] account subject to the terms of a credit [card] account agreement." Edwards did not allege that the Agreement was the agreement that Huffman signed, but, rather, she declared that the Agreement contained the terms to which Huffman was subject. Huffman does not deny that he is subject to the terms of the Agreement nor does he present evidence that would raise a genuine issue of material fact as to whether he is subject to the terms that Capital One provided. Thus, Huffman's argument is without merit.

1. There was no genuine issue of material fact regarding Huffman's indebtedness to Capital One.

Huffman contends Capital One failed to prove that it was in contract with him because it did not provide a signed credit card agreement. Under these circumstances, a signed agreement is not necessary for Capital One to prevail on its motion for summary judgment. See Hew v. Aruda, 51 Haw. 451, 458, 462 P.2d 476, 480-81 (1969) ("[A]n action for an account stated springs from a new promise, which may be express or implied, and not from the original indebtedness which may be unenforceable.").

Capital One filed its complaint under the theory of assumpsit-money owed. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, internal quotation marks, and emphases omitted). "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions." Scott v. Hawaiian Tobacco Plantation, 21 Haw. 493, 495 (Haw. Terr. 1913) (citation and internal quotation marks omitted).

The record shows that between November 2006 and May 2010, Capital One transmitted to Huffman monthly Billing Statements that indicated definite sums that he owed Capital One. The record also shows that Huffman made timely online payments, in varying amounts, from November 2006 to September 2009, indicating that he received the Billing Statements. In addition, Huffman made credit card purchases from November 2006 until October 2009 without disputing any of the outstanding balances reflected on his monthly Billing Statements. See Hew, 51 Haw. at 459, 462 P.2d at 481 (citation omitted) ("[S]ilence in the light of previous dealings between parties may operate as assent."). The record shows that an account stated was created between Huffman and Capital One. See Barwick Pac. Carpet Co. v. Kam Hawaii Const., Inc., 2 Haw. App. 253, 257, 630 P.3d 638, 641 (1981) (holding that an account stated was created between a

7

contractor and supplier where invoices were sent to and received by the contractor and the contractor failed to object).

In his opposition to Capital One's motion for summary judgment, Huffman did not deny his indebtedness to Capital One. Instead, he claimed "[he has] in the past had multiple Capital One credit card accounts" and that "[he has] thus far been unable to determine from memory or from records remaining in [his] possession whether this [credit card] account was one of them." This was insufficient to satisfy his burden and, therefore, summary judgment in favor of Capital One was appropriate. See Capital One Bank (USA), N.A. v. Stewart, No. CAAP-11-0000128 (App. Aug. 30, 2013) (SDO).

> 2. There was no genuine issue of material fact regarding Huffman's liability for disputed charges to his credit card account.

Huffman contends "[his] claim, that the billing statements presented in Exhibit '2' to the Edwards Affidavit show credit card payments to parties from who Huffman has never purchased goods or services, is a valid issue for trial." Huffman contends there was a genuine issue for trial because the Billing Statements were not admissible and because "Capital One has failed to provide any evidence that it ever provided these statements to Huffman prior to the filing of the motion for summary judgment." We have concluded the Billing Statements are admissible, so we turn our attention to Huffman's argument that Capital One failed to prove they provided Huffman with Billing Statements prior to this action.

In order to contest a charge, a credit card holder is required to give timely notice of an alleged billing error after receiving the billing statement. See Transameria Ins. Co. v. Standard Oil Co., 325 N.W.2d 210, 215-16 (N. Dakota 1982); Barwick Pac. Carpet Co., 2 Haw. App. at 256-57, 630 P.2d at 640-41. In support of its motion for summary judgment, Capital One submitted monthly Billing Statements with Huffman's name, address, and credit card account number. The Billing Statements also show that Huffman made timely online payments, in varying amounts, from November 2006 to September 2009, indicating that he received the Billing Statements. Huffman did not allege that he

gave Capital One timely notice of the alleged billing errors.  In response to Capital One's evidence, Huffman had to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial."  See Ralston, 129 Hawai'i at 56-57, 292 P.3d at 1286-87.  Huffman failed to present any facts to rebut Capital One's evidence and, thus, there was no genuine issue for trial.

Therefore,

IT IS HEREBY ORDERED that the July 31, 2013 "Order Granting Plaintiff's Motion For Summary Judgment Filed on June 19, 2013" entered in the District Court of the First Circuit, Ewa Division is affirmed.

DATED:  Honolulu, Hawai'i, November 18, 2014.

On the briefs:

Harry D. Huffman
Defendant-Appellant pro se.

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of Marvin S.C. Dang)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

9